United States District Court
Southern District of Texas
**ENTERED**
February 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGDALENO RUBIO GODINEZ, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-00546 |
| RAYMOND THOMPSON, *et al.*, | § § § | |
| Respondents. | § § | |

## ORDER FOR AN EXPEDITED ANSWER

The petitioner, Magdaleno Rubio Godinez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court promptly to examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and concluding that the

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

allegations require an expedited answer,[2] the Court **ORDERS** that Respondent file an Answer to the petition as follows:

1. The Clerk will email the petition and this order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents. Such service does not substitute for the requirements of formal service but is instead intended only to provide the Government notice and an opportunity to be heard at this initial juncture. **Petitioner is directed to serve the Respondents in accordance with Rule 4 of the Federal Rules of Civil Procedure and include a copy of this Order with that service.**

2. Respondents must file an answer or other appropriate responsive pleading within **fourteen (14) days** after the date of service and must forward a copy to the petitioner's counsel. They are advised that under Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are relied upon, their motion will be treated as a motion for summary judgment and should be entitled as such.

3. In addition to any defense, in law or fact, to a claim for relief by Petitioner, Respondents' answer must contain: (a) a statement of the authority by which Petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether Petitioner has exhausted all available administrative remedies.

---

[2] *See* 28 U.S.C. § 2243 (providing that an answer to show cause should be "returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

4.      Whether Respondents elect to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), Petitioner must file any response within **twenty (20) days** after the date Petitioner is served with a copy of Respondents' submission.  Under the Court's local rules, Petitioner's failure to respond will be considered a representation that Petitioner does not oppose any motion that may have been filed. *See* S.D. Tex. L.R. 7.4.  If Petitioner fails to respond on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5.      Respondents must notify Petitioner's counsel and the Court of any anticipated or planned transfer of Rubio Godinez outside of the Houston Division of the Southern District of Texas, or of any planned removal of the petitioner from the United States, **at least five (5) days before** any such transfer or removal.

SIGNED this ___2nd___ day of February 2026.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE