United States District Court
Southern District of Texas
**ENTERED**
March 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGDALENO RUBIO GODINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00546 |
| | § | |
| RAYMOND THOMPSON, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Magdaleno Rubio Godinez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1. Respondents have filed a response and motion for summary judgment. Doc. No. 5. Petitioner filed a reply in opposition. Doc. No. 6.

The summary judgment evidence in the record shows that Petitioner was charged with having entered the United States unlawfully without inspection and without having been admitted or paroled. Doc. No. 1-3; Doc. No. 5 at 2. The uncontroverted evidence also indicates that on November 6, 2025, after a hearing on the merits, an Immigration Judge ordered Petitioner removed. Doc. No. 5-1 at 4. Petitioner's appeal of his removal order is pending before the Board of Immigration Appeals. *Id.* at 5.

1 / 3

Petitioner contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that he has been erroneously categorized as a detainee subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. Feb. 6, 2026). Likewise, his Fifth Amendment Due Process Clause claims are precluded, at this juncture, by *Demore v. Kim,* 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez,* 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").[1] Petitioner's claim under the Administrative Procedure Act ("APA") is also unavailing because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704.

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.

2. Respondents' motion for summary judgment (Doc. No. 5) is **GRANTED**.

3. This case is **DISMISSED without prejudice**.

---

[1] The Court further observes that Petitioner has been afforded a merits hearing regarding removability, was ordered removed, and has exercised his right to appeal his removal order. While those proceedings are ongoing and have not concluded, he is detained under section 1225(b)(2), as explained in *Jennings, supra.*

2 / 3

4. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this _____23'ᵈ_____ day of March 2026.

_____

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE